UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

GREGORY STENZ,
KIM STENZ,

               Plaintiffs,

                                                  Case No. 18-cv-1820-bhl

     v.

KEYSTONE RV COMPANY, et al.,

               Defendants.

## ORDER DENYING PLAINTIFFS' RULE 60(b) MOTION

      On August 25, 2021, the Court issued an order, granting in part and denying in part, Defendants' motion for summary judgment, and denying in whole Plaintiffs' motion for partial summary judgment. (ECF No. 60.) On December 30, 2021, Plaintiffs filed what they say "is best understood as a motion seeking relief from [that] order under [Fed. R. Civ. P.] 60(b)." Because Plaintiffs have not demonstrated a substantial danger of injustice commensurate with the exceptional nature of the proposed remedy, their motion for reconsideration will be denied. To the extent that this motion seeks a legal ruling on what amounts to a jury instruction, further clarification can be accomplished through a motion in limine or at the final pre-trial conference.

### LEGAL STANDARD

      "Rule 60(b) provides a district court with the discretion to afford relief from a judgment or order under certain circumstances." *Helm v. Resol. Tr. Corp.*, 84 F.3d 874, 877 (7th Cir. 1996). Such relief "is an extraordinary remedy that is to be granted only in exceptional circumstances." *Provident Sav. Bank v. Popovich*, 71 F.3d 696, 698 (7th Cir. 1995) (citations omitted). Therefore, a court should grant a Rule 60(b) motion "only upon a showing of extraordinary circumstances that create a substantial danger that the underlying judgment [or order] was unjust." *Daniels v. Brennan*, 887 F.2d 783, 790 (7th Cir. 1989) (quoting *3 Penny Theater Corp. v. Plitt Theatres, Inc.*, 812 F.2d 337, 340 (7th Cir. 1987)).

## ANALYSIS

At summary judgment, the Court granted Defendants' motion as to five of Plaintiffs' seven claims, allowing only the breach of express warranty and breach of the Magnuson-Moss Warranty Act claims to proceed against Defendant Keystone RV Company. (ECF No. 60.) The Court also denied Plaintiff's request for partial summary judgment against Keystone as to liability for breach of express warranty. (*Id.*) In this latest motion, Plaintiffs ask the Court to reconsider its denial of partial summary judgment. (ECF No. 70-1 at 1.) However, they proffer no justification for this relief short of subjective preference. That will not suffice. *See e.g., Indus. Assoc's., Inc. v. Goff Corp.*, 787 F.2d 268, 269 (7th Cir. 1986) (holding that to be entitled to relief under Rule 60(b)(6), the movant needed to demonstrate extraordinary circumstances that created a substantial danger of an unjust result). Plaintiffs' motion simply rehashes arguments already rejected at summary judgment. The first time the Court heard these arguments, it held that disputes of material fact precluded judgment for either party. That analysis holds on reprise.

Plaintiffs' motion also asks the Court to clarify "the legal definition of 'reasonable opportunity to repair' in Wisconsin." (ECF No. 70-1 at 1.) To the extent that Plaintiffs seek to propose jury instructions, the Court will consider those at the final pre-trial conference on April 7, 2022. Similarly, to the extent that this motion seeks a ruling on the admissibility of evidence in advance of trial, Plaintiff is directed to file a motion in limine in advance of the final pre-trial conference.

## CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiffs' motion for reconsideration under Fed. R. Civ. P. 60(b)(6) is **DENIED**.

Dated at Milwaukee, Wisconsin on February 23, 2022.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge